**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

TARGET CORPORATION,

Plaintiff,

v.

RL LIQUIDATORS LLC,

Defendant.

Case No. 26-cv-1771 (LMP/JFD)

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

---

Leah C. Janus, Natasha T. Robinson, and Zachary S. McFarland, **Fredrikson & Byron, Minneapolis, MN** for Plaintiff.

Plaintiff Target Corporation seeks a default judgment against Defendant RL Liquidators LLC. ECF No. 9. Because Target has demonstrated its entitlement to a default judgment against RL Liquidators, the motion is granted.

## BACKGROUND[1]

In July 2020, Target and RL Liquidators executed a "Purchaser Qualification Agreement" (the "PQA"), which established a framework for RL Liquidators to purchase merchandise and other assets from Target. ECF No. 1 ¶¶ 8–9. The parties specified that the terms of the PQA would apply to any subsequent "program agreement." ECF No. 18-1 ¶ 1.1. Between August 2023 and August 2024, Target and RL Liquidators entered into three such program agreements: (1) the DC Salvage Program Agreement, (2) the Primary

---

[1] On a motion for default judgment, the Court must accept as true the facts alleged in the complaint, "except those relating to the amount of damages." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

Supplier Store Salvage Program Agreement, and (3) the Secondary Supplier Store Salvage Program Agreement (together, the "Program Agreements," and with the PQA, the "Agreements"). ECF No. 1 ¶¶ 10, 12, 14. The DC Salvage Program Agreement extended from August 1, 2023 to July 31, 2025, while the Primary Supplier Store Salvage Program Agreement and the Secondary Supplier Store Salvage Program Agreement covered August 1, 2024 to July 31, 2025. *Id.* Each of the Program Agreements incorporated the terms of the PQA. *Id.* ¶¶ 11, 13, 15. As part of the Program Agreements, "Target agree[d] to sell and Purchaser agree[d] to purchase the Goods," at specified prices and payment terms. ECF No. 18-2 ¶ 4; *see also* ECF No. 18-3 ¶ 5 (same); ECF No. 18-4 ¶ 5 (same).

Starting in August 2024, Target provided assets and reports to RL Liquidators. ECF No. 1 ¶ 20. The terms of the Agreements required RL Liquidators to identify any errors or discrepancies between Target's reports and RL Liquidators' records within five business days of receipt. *Id.* ¶ 17. Absent objection, RL Liquidators was "deemed to have accepted Target's information as accurate." *Id.* ¶ 18. Following this five-day reconciliation process, Target sent RL Liquidators invoices, which required payment within 15 days. *Id.* ¶ 19.

The arrangement began as planned. Target sent invoices for August and September 2024 under the Program Agreements, and RL Liquidators paid. *Id.* ¶ 21. RL Liquidators also paid the October 2024 DC Salvage Program invoice, *id.*, and made five partial payments towards the October 2024 Store Salvage Programs' invoice (the "October 2024 Store Salvage Invoice"). ECF No. 18-6. Then RL Liquidators stopped paying. Target sent invoices pursuant to the Agreements from October 2024 to July 2025 that RL Liquidators

has not paid. ECF No. 1 ¶ 22. Target alleges that the total amount of unpaid invoices is $9,447,016.08. ECF No. 18 ¶ 11; ECF No. 17 at 2.

Target brought this action on March 6, 2026, invoking the Court's diversity jurisdiction.[2] ECF No. 1 ¶ 5. Target alleges that RL Liquidators breached the Agreements by not paying the invoices.[3] ECF No. 1 ¶¶ 24–28. The Clerk of Court issued a summons as to RL Liquidators on March 9, which stated that a failure to respond could result in judgment by default. ECF No. 4. Target served RL Liquidators on March 16, which set a deadline for RL Liquidators to answer by April 4. ECF No. 5. After RL Liquidators did not answer, Target applied for an entry of default on April 10. ECF No. 6. The Clerk of Court entered default on April 13. ECF No. 8. Target moved for default judgment on July 10. ECF No. 9.

## ANALYSIS

Default judgments "are not favored by the law and should be a rare judicial act" because "there is a judicial preference for adjudication on the merits." *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015) (citation modified). That said, federal

---

[2] The Court has subject-matter jurisdiction over this case under 28 U.S.C. § 1332. Target alleges that it is a citizen of Minnesota and that all members of RL Liquidators are citizens of California, meaning that complete diversity is present. ECF No. 1 ¶¶ 2–4; *see OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."). The amount-in-controversy here also exceeds $75,000. *See* ECF No. 1 ¶ 28.

[3] The parties agreed that the "exclusive forum and venue for any legal action arising out of or related to" the PQA would be the District of Minnesota, and they consented to personal jurisdiction here. ECF No. 18-1 ¶ 29.

courts may enter default judgment against a party who fails to file a responsive pleading to a complaint or otherwise defend against a lawsuit. *See* Fed. R. Civ. P. 55. Determining whether a default judgment should be entered requires three inquiries: (1) whether a defendant is in default; (2) whether the unchallenged facts in the record constitute a legitimate cause of action against the defendant; and (3) whether the plaintiff has sufficiently proven damages. *See Erickson v. Sawyer*, 650 F. Supp. 3d 758, 762 (D. Minn. 2023).

## I. Whether RL Liquidators is in Default

RL Liquidators is in default. Target applied for and received an entry of default pursuant to Rule 55(a). EFC Nos. 6, 8. And despite being served with the complaint, summons, and Target's motion for default judgment,[4] RL Liquidators has not filed an answer or otherwise appeared in this action. ECF Nos. 5, 13. A party's "refusal to respond to the litigation" justifies a default judgment. *Hall v. T.J. Cinnamon's, Inc.*, 121 F.3d 434, 435 (8th Cir. 1997).

## II. Whether the Pleadings Establish a Legitimate Cause of Action

Upon default, the factual allegations in the complaint are deemed to be admitted and are accepted as true, except those relating to the amount of damages. *Murray*, 595 F.3d

[4] Federal Rule of Civil Procedure 5(a) "generally excuses the plaintiff from having to serve anything but the summons and complaint on a non-appearing defendant." *Trs. of the St. Paul Elec. Constr. Indus. Fringe Ben. Funds v. Martens Elec. Co.*, 485 F. Supp. 2d 1063, 1066 (D. Minn. 2007). Target, therefore, was not required to serve RL Liquidators with its motion for default judgment, but having done so, RL Liquidators' choice not to respond provides further evidence of its default.

at 871; *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). But even if default judgment is otherwise warranted, "it is nonetheless incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment." *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 718 (8th Cir. 2019) (citation modified). The next question then is whether the "unchallenged facts" in the record "constitute a legitimate cause of action" against RL Liquidators. *Id.*

Under Minnesota law, a breach-of-contract claim has four elements: "(1) formation of a contract; (2) performance by plaintiff of any conditions precedent; (3) a material breach of the contract by defendant; and (4) damages." *Nelson v. Am. Fam. Mut. Ins. Co.*, 899 F.3d 475, 480 (8th Cir. 2018) (citation modified). Target and RL Liquidators formed a contract when they executed the Agreements. ECF No. 1 ¶¶ 8, 10, 12, 14. As part of the Program Agreements, "Target agree[d] to sell and [RL Liquidators] agree[d] to purchase the Goods," according to pricing and payment terms. ECF No. 18-2 ¶ 4; ECF No. 18-3 ¶ 5; ECF No. 18-4 ¶ 5. Target performed its conditions precedent to the Program Agreements by providing assets, load information, reports, and invoices to RL Liquidators. ECF No. 1 ¶¶ 16–20. But while Target "fully performed its obligations," *id.* ¶ 26, RL Liquidators breached the Agreements by not paying invoices due under the Agreements, *id.* ¶ 27. In particular, RL Liquidators did not pay invoices due under the DC Salvage Program Agreement and Store Salvage Program Agreements from November 2024 to June 2025.

*Id.* ¶ 22. In addition, RL Liquidators only made partial payments towards the October 2024 Store Salvage Invoice. ECF No. 17 at 2.

The PQA provides that "[i]f [RL Liquidators] breaches any of its obligations . . . Target may sue [RL Liquidators] for damages and/or specific performance." ECF No. 18-1 ¶¶ 22, 22.3. These "unchallenged facts" demonstrate a "legitimate cause of action" for breach of contract against RL Liquidators, so Target is entitled to default judgment. *Glick*, 944 F.3d at 718 (citation modified).

**III. Whether RL Liquidators Has Sufficiently Proven Damages**

A party seeking a default judgment must "prove its actual damages to a reasonable degree of certainty." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001). A district court may ascertain damages "by comput[ing] from facts of record . . . the amount which the plaintiff is lawfully entitled to recover." *Pope v. United States*, 323 U.S. 1, 12 (1944). Those facts of record may derive from declarations and documentary evidence the plaintiff submitted. *See Cutcliff v. Reuter*, 791 F.3d 875, 883 (8th Cir. 2015); *Farnam St. Fin., Inc. v. Current Foods, Inc.*, No. 24-cv-2623 (NEB/DTS), 2024 WL 7008229, at *2 (D. Minn. Nov. 7, 2024). "Once the amount of damages has been established, the court may enter judgment." *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

Here, Target alleges that the outstanding balance unpaid by RL Liquidators is $9,447,016.08.[5] ECF No. 18 ¶ 11. In support of this balance, Target offers a declaration

---

[5] In its complaint and motion for default judgment, Target stated that the balance of RL Liquidators' unpaid invoices was $11,721,872.35. ECF No. 1 ¶ 28; ECF No. 10 at 5;

from Tinzing Artmann, who is a lead paralegal at Target. *See* ECF No. 18 ¶ 1. Target also submits copies of the unpaid invoices—from October 2024 to June 2025 for the Store Salvage Program Agreements and from November 2024 to June 2025 for the DC Salvage Program Agreement. *Id.* ¶ 8; *see also* ECF No. 18-5. Target further offers a summary table, which details the invoices sent to and payments received from RL Liquidators. ECF No. 18-6. The invoices add to $10,072,639.68, *see* ECF No. 18-5, but RL Liquidators made $625,622.60 in partial payments towards the October 2024 Store Salvage Invoice, ECF No. 18-6 at 2. RL Liquidators' total balance outstanding is, therefore, $9,447,016.08. *Id.*

## IV. Post-Judgment Interest

Target also asks that the Court award post-judgment interest at a rate of ten percent per year under Minn. Stat. § 549.09(a), (c)(2). ECF No. 10 at 5. Target is entitled to post-judgment interest, but "[p]ost-judgment interest is a procedural matter governed by federal law." *Fair Isaac Corp. v. Fed. Ins. Co.*, 763 F. Supp. 3d 800, 814 (D. Minn. 2025) (citation modified). Federal law directs that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," and that the rate shall be "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors

---

ECF No. 11 ¶ 10. After the Court asked Target to clarify the total amount of invoices that remain unpaid, ECF No. 16 at 3, Target responded that it had "erroneously referred to the amount that RL Liquidators had paid and/or received credits for as the balance of the outstanding invoices," ECF No. 17 at 1–2. Target clarified that it has invoiced RL Liquidators a total of $21,168,888.43 and received payments and credits totaling $11,721,872.35—which makes RL Liquidators' total outstanding balance $9,447,016.08. *Id.*

of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961. Post-judgment interest shall therefore accrue at 4.41% from the date of judgment, compounded annually. *See* Bd. of Governors of the Fed. Rsrv. Sys., *Selected Interest Rates (Daily) – H.15*, (Sept. 21, 2026), https://perma.cc/6KF6-N2A9.

## CONCLUSION

For these reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Target Corporation's Motion for Default Judgment (ECF No. 10) is **GRANTED**;

2. Judgment is entered against RL Liquidators LLC, and in favor of Target Corporation, in the amount of $9,447,016.08; and

3. Post-judgment interest shall accrue at a rate of 4.41%, compounded annually.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 22, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge